UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA ANN GOWAN,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 1:23-cv-00598-DAD-AC<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING THIS CASE TO DEFENDANT COMMISSIONER<br><br>(Doc. Nos. 13, 15, 19) |

Plaintiff Rebecca Ann Gowan, proceeding with counsel, brought this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for benefits under the Social Security Act. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 3, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for summary judgment (Doc. No. 13) be denied, the defendant Commissioner's cross-motion for summary judgment (Doc. No. 15) be granted, and that defendant's decision denying plaintiff's application for benefits be affirmed. (Doc. No. 19.) Specifically, the magistrate judge concluded that the administrative law judge ("ALJ") had

1  provided specific, clear, and convincing reasons for discounting plaintiff's subjective testimony,
2  and that while the ALJ had erred in assessing the medical opinion evidence those errors were
3  harmless.  (*Id.* at 6–15.)

4  Those findings and recommendations were served on the parties and contained notice that
5  any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 16.)
6  Plaintiff timely filed her objections on May 17, 2024.  (Doc. No. 20.)

7  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this court has conducted a
8  *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's
9  objections, the court declines to adopt the pending findings and recommendations.

10  In her objections, plaintiff advances three arguments.  First, that the ALJ failed to provide
11  specific, clear, and convincing reasons for discounting plaintiff's allegations of mental
12  dysfunction.  (*Id.* at 3.)  Second, that the ALJ failed to properly evaluate the non-examining
13  medical source opinions of the psychiatrists Dr. Ying and Dr. Lin.  (*Id.*)  And third, that the ALJ
14  failed to properly evaluate the examining medical source opinion of consultative psychologist Dr.
15  Cottone-Wilson.  (*Id.* at 4.)  Because the court concludes that the ALJ committed reversible error
16  in improperly evaluating the opinion of Dr. Cottone-Wilson, the court need not address plaintiff's
17  first and second arguments.[1]

18  Dr. Cottone-Wilson opined that plaintiff suffered from the following:  (1) mild limitations
19  on her ability to understand, remember, and perform complex written and oral instructions;
20  (2) mild to moderate limitations in maintaining regular attendance in the workplace; (3) moderate

---

[1] The court nonetheless notes that it appears the ALJ may also have failed to incorporate into the residual functional capacity ("RFC") assessment plaintiff's limitations with respect to concentration, pace, and persistence as identified by Drs. Ying and Lin.  *See Brink v. Comm'r of Soc. Sec. Admin*, 343 F. App'x 211, 212 (9th Cir. 2009) ("The hypothetical question to the vocational expert should have included not only the limitation to 'simple, repetitive work,' but also Brink's moderate limitations in concentration, persistence, or pace.").  Plaintiff, however, did not raise this specific issue in her objections to the pending findings and recommendations or in her motion for summary judgment, and the undersigned has determined that remand of this matter is required on other grounds.  Similarly, while the undersigned is skeptical that the medical evidence of record reflects a broader trajectory of improvement with medication, or that the medical evidence is inconsistent with plaintiff's subjective testimony, the court also need not— and therefore does not—consider these issues.

1  limitations on her ability to perform work activities on a consistent basis; (4) moderate limitations
2  on her ability to perform work activities without special or additional supervision; (5) moderate
3  limitations on her ability to complete a normal workday or workweek without interruptions
4  resulting from her psychiatric condition; (6) mild impairments in her ability to accept instructions
5  from supervisors; (7) mild to moderate limitations on her ability to interact with coworkers and
6  the public; and (8) moderate limitations on her ability to deal with the usual stresses encountered
7  in a competitive work environment.  (Doc. No. 12-1 at 467–68.)  However, the ALJ was "not
8  persuaded by the opinion of Dr. Cottone-Wilson" because many of the limitations she identified
9  were supported by plaintiff's allegations rather than specific findings; Dr. Cottone-Wilson had not
10 articulated plaintiff's maximum RFC; and Dr. Cottone-Wilson's opinion was inconsistent with
11 plaintiff's conservative course of treatment.  (*Id.* at 37–38.)

12  In her motion for summary judgment, plaintiff argued that the rationale provided by the
13 ALJ in discounting Dr. Cottone-Wilson's opinion was insufficient for several reasons:  (i) Dr.
14 Cottone-Wilson made several findings of impaired attention, memory, and concentration; (ii) Dr.
15 Cottone-Wilson referenced those findings when drawing her conclusions regarding plaintiff's
16 limitations; (iii) the ALJ did not explain how plaintiff's treatment was conservative; (iv) the ALJ
17 could not disregard Dr. Cottone-Wilson's opinion simply because it did not present plaintiff's
18 limitations as an RFC; and (v) it was appropriate for Dr. Cottone-Wilson to rely on plaintiff's
19 description of her own symptoms.  (Doc. No. 13 at 19–20) (citing *Buck v. Berryhill*, 869 F.3d
20 1040, 1049 (9th Cir. 2017) ("Psychiatric evaluations may appear subjective, especially compared
21 to evaluation in other medical fields.  Diagnoses will always depend in part on the patient's self-
22 report, as well as on the clinician's observations of the patient.  But such is the nature of
23 psychiatry.  Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply
24 in the same manner to opinions regarding mental illness.  In the context of this case, Dr.
25 Kenderdine's partial reliance on Buck's self-reported symptoms is thus not a reason to reject his
26 opinion.") (internal citations omitted).

27  Defendant primarily argued in its cross-motion for summary judgment that any errors on
28 the part of the ALJ were harmless because the RFC and the jobs identified by the vocational

expert in plaintiff's case were consistent with the mental limitations described by Dr. Cottone-Wilson. (Doc. No. 15 at 21–23.) Specifically, defendant argued that the RFC restricting plaintiff to simple, routine, and repetitive tasks was consistent with crediting plaintiff with the moderate limitations in concentration, pace, and persistence described by Dr. Cottone-Wilson. (*Id.*) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008)); *see also Stubbs-Danielson*, 539 F.3d at 1174–75 (holding that, in certain circumstances, an RFC restricting a plaintiff to simple, repetitive tasks incorporates the plaintiff's moderate limitations in concentration, pace, and persistence). The pending findings and recommendations concluded that "as with evaluation of [Drs. Ying and Lin], the errors identified by plaintiff regarding Dr. Cottone-Wilson's opinion are necessarily harmless" because the ALJ identified jobs that incorporated plaintiff's moderate limitations in concentration, pace, and persistence, as well as her social limitations. (Doc. No. 19 at 14.)

In her objections to the pending findings and recommendations, plaintiff argues that the Ninth Circuit's decision in *Stubbs-Danielson* did not address some of the types of limitations identified by Dr. Cottone-Wilson in plaintiff's case, namely difficulties with maintaining attendance, the need for special or additional supervision, and limitations regarding the ability to complete a normal workday or workweek. (Doc. No. 20 at 8.) As a result, plaintiff argues, the decision in *Stubbs-Danielson* is distinguishable and the ALJ's RFC assessment of plaintiff's restriction to "simple, routine" tasks did not include all of her recognized limitations. (*Id.*)

"The case law in this circuit is split but tends to favor the view that a restriction to simple/routine tasks is not a catchall and does not account for limitations such as maintaining attendance." *de los Santos v. Kijakazi*, No. 1:20-cv-00919-GSA, 2022 WL 1541464, at *6 (E.D. Cal. May 16, 2022); *see also Donald J. M. v. O'Malley*, No. 22-cv-01926-MHP, 2024 WL 1342573, at *16 (S.D. Cal. Mar. 29, 2024) (citing cases); *Macias v. Saul,* 1:19-cv-01187-BAM, 2021 WL 856423, at *6 (E.D. Cal. Mar. 8, 2021) (citing cases); *Panziera v. Berryhill,* No. 17-cv-02719-LHK, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018) ("[T]he Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as

4

social functioning and attendance."). "[C]ourts have often remanded in instances where an attendance limitation was one of many limitations the ALJ failed to properly translate into RFC restrictions." *de los Santos,* 2022 WL 1541464, at *7 (collecting cases where district courts granted remand because the RFCs failed to include limitations in maintaining attendance, completing a normal workday or workweek, or requiring special or additional supervision). Moreover, the undersigned has followed this course in the past under similar circumstances. *See Duran v. Colvin*, No. 2:11-cv-02978-DAD, 2013 WL 1281907, at *3–4 (E.D. Cal. Mar. 26, 2013) (granting summary judgment in favor of the plaintiff because "the ALJ's RFC determination does not account for," among other limitations, limitations "in her ability to sustain an ordinary routine without special supervision" and "in her ability to complete a normal workday/workweek," where the RFC limited the plaintiff to "unskilled non-detailed tasks").

Consequently, the RFC's restriction to "simple, routine and repetitive tasks" did not account for limitations to plaintiff's ability to maintain attendance and to perform work activities without additional or special supervision. "Because the RFC assessment failed to include all of [plaintiff's] credible limitations, the ALJ posed an incomplete hypothetical to the vocational expert." *Bagby v. Comm'r of Soc. Sec.*, 606 F. App'x 888, 890 (9th Cir. 2015). The ALJ's error in this regard was therefore not harmless. *Cf. id.* (remanding the case because the "ALJ's RFC assessment limited Bagby to 'simple, repetitive tasks'" and therefore "did not reflect Dr. Stuckey's finding that Bagby was limited in her ability to '[r]espond appropriately to usual work situations and to changes in a routine work setting'").

Accordingly, the court will remand this case to the Commissioner for further proceedings on an open record. *See Christopher G. v. Saul*, No. 19-cv-06150-AFM, 2020 WL 2079972, at *7–8 (C.D. Cal. Apr. 30, 2020) (finding that the ALJ's error was not harmless and therefore remanding the case for "further proceedings on an open record" where the ALJ did not "include these limitations in Plaintiff's RFC assessment or provide legally sufficient reasons for rejecting them" and where in "posing a hypothetical claimant to the [vocational expert], the ALJ did not include moderate limitations in the ability to perform activities within schedule, maintain regular attendance . . . or in the ability to complete a workday and workweek without interruptions").

For the reasons explained above:

1. The court declines to adopt the findings and recommendations issued on May 3, 2024 (Doc. No. 19);
2. Plaintiff's motion for summary judgment (Doc. No. 13) is granted;
3. Defendant's cross-motion for summary judgment (Doc. No. 15) is denied;
4. This case is remanded to the Commissioner for further proceedings consistent with this order; and
5. The Clerk of the Court is directed to enter judgment in favor of plaintiff and close this case.

IT IS SO ORDERED.

Dated: **July 10, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE